UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80362-CIV-DIMITROULEAS

STEVEN A. BUCCO,

                                                                                                      Magistrate Judge Snow

      Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration,

      Defendant.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the Report and Recommendation [DE 23] of Magistrate Judge Snow filed on May 22, 2009.  The Court has conducted a *de novo* review of the Report and Recommendations, the record, and Plaintiff Steven A. Bucco's Objection to the Report and Recommendation [DE 24], and is otherwise fully advised in the premises.

The Administrative Law Judge (ALJ) found that the Plaintiff's mental impairment did not meet or equal the criteria of any listed impairment.  He also found that the Plaintiff had the residual functional capacity to perform light work, but could only climb occasionally and perform simple routine tasks.  The ALJ concluded that the Plaintiff was not disabled within the meaning of the Social Security Act because the Plaintiff could perform jobs which existed in significant numbers in the national economy.

Plaintiff sought reversal of the ALJ's findings on three grounds: 1) the ALJ should have kept the record open long enough for the Plaintiff to obtain records from treating physicians; 2)

1

the ALJ erred in finding that the Plaintiff had residual functional capacity to perform light work; and 3) the Appeals Council failed to consider new and material evidence.  Defendant argues that the ALJ had substantial evidence to support his decision and that he applied the correct legal standards.  Magistrate Judge Snow recommended that this Court grant the Defendant's Motion for Summary Judgment and deny the Plaintiff's Motion for Summary Judgment.

Plaintiff objects to the Magistrate Judge's Report and Recommendation on several grounds.  First, Plaintiff objects that the Magistrate Judge should have determined whether Plaintiff's new evidence was material to the issue of whether the Plaintiff was disabled prior to the Appeal Council's decision, rather than whether the Plaintiff was disabled at the time of application for benefits or at the date he was last insured.  Plaintiff also objects that the Magistrate Judge did not properly consider new evidence from Dr. Avni and Dr. Farronay.  Plaintiff also argues that the Magistrate Judge should have found error in the ALJ's refusal to keep the record open for new evidence.  Finally, the Plaintiff objects to the Magistrate Judge's finding that the Plaintiff did not seek medical attention between December 2005 and July 2007.

Plaintiff did not give any authority to support his proposition that the relevant inquiry is whether the Plaintiff was disabled at the time of the Appeals Council's decision.  The proper dates are the ones the Magistrate Judge used in her analysis: for disability income benefits, the date the Plaintiff was last insured; for SSI benefits, the date of the Plaintiff's application for benefits.  <u>Moore v. Barnhart</u>, 405 F.3d 1208, 1211 (11th Cir. 2005); <u>Casey v. Sec'y of Health & Human Servs.</u>, 987 F.2d 1230, 1233 (6th Cir. 1993).

We also disagree with Plaintiff's argument that the Magistrate Judge did not properly assess the new evidence from Dr. Avni and Dr. Farronay.  The Magistrate Judge properly gave

little or no weight to Dr. Avni's opinion, and found that the objective medical evidence did not support the Plaintiff's position.  We also agree with the Magistrate Judge that the ALJ's refusal to keep the record open did not prejudice the Plaintiff since the evidence that the Plaintiff produced for the Appeals Council did not support his position.

Finally, Plaintiff's argument that evidence showed that the Plaintiff actually did seek medical attention around September 2006 is irrelevant, since the date last insured was September 30, 2004, and the date of application was April 29, 2005.  Even if Plaintiff is correct, there is still substantial evidence to support the ALJ's conclusion Plaintiff was not disabled within the meaning of the Social Security Act.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 15] is hereby **ADOPTED**;

2. Plaintiff Steven A. Bucco's Objections to Magistrate's Report and Recommendation [DE 18] are hereby **OVERRULED**;

3. Defendant's Motion for Summary Judgment [DE 14] is hereby **GRANTED**;

4. Plaintiff's Motion for Summary Judgment [DE 110] is hereby **DENIED**;

5. The decision of the Commissioner that the Claimant is not under a "disability" as defined in the Social Security Act is hereby **AFFIRMED**;

6. All other pending motions are hereby denied as moot;

7. The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of February, 2010.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge Snow

Counsel of record